[No. 6330.   Decided March 5, 1907.]

WASHINGTON SEMINARY OF THE CHURCH OF THE UNITED
BRETHERN IN CHRIST, *Appellant,* v. B. J. HUNT *et al.,*
*Respondents.*[1]

EXECUTION—SUPPLEMENTARY PROCEEDINGS—PROPERTY SUBJECT—
BILLS AND NOTES—PAYMENT. Where a note for $7,200 owned by de-
fendants was given to a missionary society with the understanding
that the society should support the defendants if they should come
to want, which event occurred when all but $1,800 of the note had
been paid, an agreement, whereby the society surrendered the note
to the makers in consideration of their agreement to support the
defendants, is valid and extinguishes the note, whether or not the
original transaction was invalid as to *bona fide* creditors of the de-
fendants; hence upon supplementary proceedings upon a prior judg-
ment against defendants, to recover a balance due on the note in
the hands of the makers, it is properly found that the makers have
no property in their possession belonging to the defendants.

Appeal from a judgment of the superior court for Colum-
bia county, Chadwick, J., entered March 17, 1906, upon find-
ings in favor of the garnishees, dismissing proceedings sup-
plemental to execution.   Affirmed.

*R. F. Sturdevant,* for appellant.
*Will H. Fouts,* for respondents.

ROOT, J.—In 1897 respondents sold some real estate to
Sherman Hunt and wife, Cora Esther Hunt, for $7,200, tak-
ing their note due in eight years in payment therefor.   This
note was by respondents turned over to the Frontier Do-
mestic and Foreign Missionary Society of the Church of the
United Brethern in Christ, with the understanding that, if
respondents should ever come to want, the missionary society
should support them.   In March, 1905, respondents, having

[1]Reported in 88 Pac. 1034.

come to want, demanded support from said missionary society. At this time Sherman Hunt and wife had paid all of the note excepting $1,800. Thereupon the said society entered into an agreement with Sherman Hunt whereby he agreed to support these respondents for the remainder of their lives in consideration of the surrender to him of said promissory note. The society then delivered said note to Sherman Hunt, who undertook the support of these respondents. The appellant is the owner of a judgment obtained upon a note given by respondents prior to the time they turned over to the missionary society the note hereinbefore referred to. The present action is in the nature of proceedings supplementary to execution. Appellant sought to garnish or levy upon the unpaid portion of said note in the hands of Sherman Hunt. The trial court found in favor of respondents, and dismissed the proceedings.

It is urged by appellant that the delivery of the note by respondents to the missionary society was a gift, and that it was invalid as against *bona fide* creditors. Respondents maintain that it was not a gift, but that it was in consideration of the support of respondents, and that the transfer by the missionary society of the note with the unpaid balance to the original makers, in consideration of their supporting these respondents for the balance of their lives, was for a good and valid consideration. Whatever view may be taken of the original transaction between these respondents and the missionary society, it appears to us that the transaction between the missionary society and Sherman Hunt was perfectly legitimate. The missionary society was under obligation when called upon to support these old people. They made an arrangement with Sherman Hunt whereby he, in consideration of the surrender and delivery to him of the note, agreed to, and did, assume the obligation of furnishing support to these respondents. This being a valid contract and legal transaction, we think the trial court was right in finding that Sherman Hunt had no property in his possession or

under his control subject to garnishment or execution under the judgment held by appellant against respondents.

The judgment of the trial court is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, MOUNT, DUNBAR, and CROW, JJ., concur.